IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIVE FACE ON WEB, LLC | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| LOLLIPOPWEBPROMOTIONS.COM, | : | |
| IDSWEBSITES.COM, LLC, CORY L. MILLER, | : | |
| and DON AMES | : | NO. 11-2634 |

**O R D E R**

AND NOW, this           day of                          , 2011, upon consideration of Defendants' Motion to Compel, and any response thereto, it is hereby **ORDERED** and **ADJUDGED** that said Motion is **GRANTED**.  Within ten (10) days of the date of this Order, Plaintiff shall produce to Defendants full and complete responses to Defendants' Interrogatory Nos. 9, 10, and 12, and Requests to Produce Nos. 5, 9, 10, 17–19, 29, 33–37, 39–41, 46–48, and 51–53, all as amended in Exhibit "C" to said Motion.

Plaintiff may condition its production of documents upon Defendants' execution of an agreement that any information produced shall be used only for purposes of this litigation and that such documents may be retained only during the pendency of this litigation, including any appeal, and returned or destroyed at the conclusion of this litigation.

**BY THE COURT:**

_____
JAN E. DUBOIS, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIVE FACE ON WEB, LLC | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| LOLLIPOPWEBPROMOTIONS.COM, | : | |
| IDSWEBSITES.COM, LLC, CORY L. MILLER, | : | |
| and DON AMES | : | NO. 11-2634 |

## DEFENDANTS' MOTION TO COMPEL

Defendants IDSWebsites.com, LLC, Cory L. Miller, Don Ames, and <lollipopwebpromotions.com>, by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby file this Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii)–(iv).

Defendants have propounded discovery in this matter aimed at uncovering two things: the factual underpinnings for the allegations in the Complaint, and a calculation of Plaintiff's claimed damages. Despite conferral among counsel, Plaintiff has not been forthcoming in these two *routine* areas of discovery. Accordingly, Defendants file this Motion to Compel better discovery responses from Plaintiff.

Therefore, for the reasons stated in the attached Memorandum of Law, Defendants request that this Honorable Court enter an Order granting this Motion and compelling Plaintiff to produce written responses and all documents and things, including electronically stored information, supporting the factual allegations in the Amended Complaint and Plaintiff's claimed damages.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: */s/ Eric A. Weiss*
Eric A. Weiss, Esquire
Attorney ID # 19425
Attorney for Defendants

1845 Walnut Street
Philadelphia, PA  19103
215-575-2676
215-575-0856 (fax)
eaweiss@mdwcg.com

01/7258253.v1

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIVE FACE ON WEB, LLC | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| LOLLIPOPWEBPROMOTIONS.COM, | : | |
| IDSWEBSITES.COM, LLC, CORY L. MILLER, | : | |
| and DON AMES | : | NO. 11-2634 |

### DEFENDANTS' MOTION TO COMPEL

Defendants file this Motion to Compel and in support thereof respectfully show the Court the following:

### I.   BACKGROUND

While giving rise to many, sometimes fanciful, legal theories, the facts of this case are very simple: For ten days, Defendant IDSWebsites.com, LLC operated an advertising campaign via Google's AdWords program.  For some of these days, the words "live face on web" were used in this advertising campaign.  Plaintiff alleges that Defendants willfully and with an intent to damage Plaintiff's marks used Plaintiff's trademark in connection with the offering of these services and caused damages thereby.  However, to date Defendants have not been able to uncover much more than that from Plaintiff during discovery in this matter.

Defendants served Interrogatories and Requests to Produce on Plaintiff.  *See* Exhibit "A" attached hereto.  As stated above, these were aimed at uncovering the factual basis on which Plaintiff's claims are based and the damages Plaintiff would attribute to Defendants' conduct.  *Id.*  Plaintiff's responses to both, *see* Exhibit "B" attached hereto, were underwhelming.

Defendants, in painstaking detail, conferred with Plaintiff regarding only some of these discovery responses by letter dated August 24. *See* Exhibit C. When no response was forthcoming, Defense counsel again sent an email, dated September 4, regarding the need for Plaintiff to respond to discovery. *See* Exhibit D. Plaintiff did not produce its "Supplemented Objections and Responses" until a month thereafter. *See* Exhibit E. These provided scant additional information, and only in response to two Interrogatories. Thus, the vast majority of the issues noted in Defendants' conferral letter, Exhibit C, have gone unremedied.

II. **ARGUMENT**

The Federal Rules provide for a liberal scope of discovery. *See Pacitti by Pacitti v. Macy's*, 193 F.3d 766, 777–778 (3d Cir. Pa. 1999) (citations omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

In addition to these principles, the Federal Rules allow a party narrow the scope of discovery by insisting on a confidentiality agreement only upon a showing of "good cause." Fed. R. Civ. P. 26(c)(1). The Court itself has applied these rules to matters before it. Under the section entitled "Discovery Matters" of its Policies and Procedures, this Court states, regarding confidentiality agreements, that while there is no standard policy, they are nevertheless disfavored even when all counsel agree. Further, any confidentiality agreement must comply

with the analysis set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (1994). *See* Judge DuBois's Policies and Procedures, at 4.[1]

"Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy*, 23 F.2d at 786 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id.* (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). "The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order." *Id.* at 786–787. The Court must always consider "whether the information is being sought for a legitimate purpose or for an improper purpose." *Id.* at 787.

*Pansy* created a balancing test to analyze whether disclosure is necessary. *Pansy*, 23 F.3d at 790. The first factor is whether a privacy interest is at stake. Plaintiff, a corporate entity, has no right to privacy. *See Arnold v. Pennsylvania, Dep't of Transp.*, 477 F.3d 105, 111 (3d Cir. 2007) (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950) ("[C]orporations can claim no equality with individuals in the enjoyment of a right to privacy.")). Therefore, because Plaintiff is a business entity, it does not have a protectable privacy interest. The first *Pansy* factor weighs in Defendants' favor.

The second factor is whether the information is sought for a legitimate purpose. Obviously, an evaluation of Plaintiff's theories of recovery and claimed damages, as well as a preparation of Defendants' case, involves no improper purpose. This factor weighs in favor of Defendants. Plaintiff's wild speculation that Defendants will use any information exchanged in

---

[1] These procedures are available via the Eastern District's website, at http://www.paed.uscourts.gov/documents/procedures/notices/dubpol.pdf.

3

discovery to compete unfairly with it, aside from being unfounded, is in actuality a thinly veiled assertion that this Court is impotent to govern the conduct of parties in litigation before it. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Pansy*, 23 F.3d at 786 (citation omitted).

The third factor is whether disclosure will result in significant embarrassment to the party claiming a right to withhold discoverable evidence. *Pansy* explained it thus:

> [A]n applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious. As embarrassment is usually thought of as a non-monetizable harm to individuals, it may be especially difficult for a business enterprise, whose primary measure of well-being is presumably monetizable, to argue for a protective order on this ground.

*Id.* at 787. Plaintiff's only claimed damage from disclosure is monetary in nature, in that it speculates Defendants will unfairly compete with it in the market. This factor thus weighs in Defendants' favor.

The fourth *Pansy* factor is whether the information sought to be obtained relates to public health and safety. This obviously does not apply to the information at issue here.

The fifth factor is whether disclosure will promote fairness and efficiency. *Id.* As Defendants have asserted throughout this dispute, the information is relevant to Plaintiff's factual allegations and its claimed damages. This is the essence of litigation! Without being able to evaluate the evidence at issue, how can Defendants make informed decisions regarding their defense in this matter? Even stepping down from the pure legal theory level regarding Defendants' rights to participate in this litigation, at a practical level, the undersigned is not in the business of information technology. Just as in every case under the sun, here counsel must learn from the client about the nature of the business and determine whether the Plaintiff's theories and

factual claims are legitimate.  It is not for Plaintiff to force Defendants to take on the expense of hiring an outside expert consultant.

Defendants are truly perplexed at Plaintiff's desire to withhold this information from the parties to this case.  What will it come to when Plaintiff is put to its proofs at trial?  Does it intend to seal the courtroom and sequester Defendants?  Of course not.  As the Court well knows, the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  This fifth *Pansy* factor weighs decidedly in Defendants' favor.

The last two *Pansy* factors applicable to entering a protective order ask whether a public official is involved or whether the issues are important to the public.  As with the fourth factor above, these factors do not apply here, which involves private litigants and the simple demonstration of Plaintiff's claimed damages.

After a consideration of all these factors, the Court must "must balance [Plaintiff's] need for information against the injury that might result if uncontrolled disclosure is compelled." *Pansy*, 23 F.3d at 787 (citation omitted).  This consideration must be tailored, though, because Defendants are not seeking a blanket, uncontrolled disclosure.  As reiterated to Plaintiff time and again, Defendants are amenable to limiting the use of materials exchanged in discovery to the life of this case, after which they will be returned or destroyed.  Defendants respectfully submit that the balance tips in favor of disclosure, and to hurrying this litigation to resolution.

Defendants are entitled to learn how Plaintiff has calculated its damages in this lawsuit.  At its most pragmatic, this discovery will facilitate the settlement of this long-overdue case and allow the Court and all parties to turn their attention to other matters.  More purely, though, the Plaintiff's position is simply absurd on its face: it has instituted this lawsuit seeking redress for

harm, but will not tell the Defendants how it was harmed or to what extent. Such obstreperousness should not be condoned. *See Directory Dividends, Inc. v. SBC Commc'ns, Inc.*, 2003 U.S. Dist. LEXIS 24296, at *9–11 (E.D. Pa. 2003) (ordering plaintiff to turn over discovery materials relevant to its calculation of damages) (citations omitted), attached hereto as Exhibit "G."

Counsel for Plaintiff has repeated his insistence that Defendants be forced to hire an expert, rather than assist their counsel in reviewing discovery materials. *See, e.g.*, Email from Alexander Granovsky dated October 11, 2011, attached hereto as Exhibit "F." If Plaintiff seeks to protect its information from being used other than for purposes of this case, a protective order can be tailored to do just that. Defendants cannot predict that this meets with the Court's stance on even agreed confidentiality orders, but the Plaintiff would go one step further: Plaintiff has sought to prohibit even Defendants from reviewing the discovery materials in this matter. This is too much, as explained above.[2]

---

[2] The fact discovery cutoff for this case is October 27, 2011.

**WHEREFORE**, Defendants seek an Order from the Court compelling Plaintiff to respond to Interrogatory Nos. 9, 10, and 12, as well as provide documents and things responsive to Requests to Produce Nos. 5, 9, 10, 17–19, 29, 33–37, 39–41, 46–48, and 51–53, all as amended in Exhibit "C" attached hereto.

        **MARSHALL, DENNEHEY, WARNER,**
        **COLEMAN & GOGGIN**

BY:   */s/ Eric A. Weiss*
        Eric A. Weiss, Esquire
        Attorney ID # 19425
        Attorney for Defendants

        1845 Walnut Street
        Philadelphia, PA 19103
        215-575-2676
        215-575-0856 (fax)
        eaweiss@mdwcg.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Compel was served this date, via the electronic filing system, to the following counsel:

Alexander Granovsky
Granovsky Law Offices, PC
9831 Bustleton Avenue, Suite 2
Philadelphia, PA 19115

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

By: _____/s/ Eric A. Weiss_____
Eric A. Weiss
Attorney ID. No. 19425
Attorney for Defendants

1845 Walnut Street
Philadelphia, PA  19103
215-575-2676
215-575-0856 (fax)
eaweiss@mdwcg.com

**DATED:**  October 12, 2011